# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8062 | **DATE** | January 14, 2004 |
| **CASE TITLE** | Schaffner et al v. U.S. Bank NA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss the amended complaint [9-1] is granted. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices MAILED by judge's staff. | | JAN 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | 04 JAN 15 PM 11:39 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

02-8062.041-JCD January 14, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT J. SCHAFFNER, NANCY A. )
SCHAFFNER, and IMAGINATIVE )
GRAPHICS, INC., )
)
    Plaintiffs, )
)
v. ) No. 02 C 8062
)
U.S. BANK N.A., doing business as )
U.S. BANK HOME MORTGAGE, )
)
    Defendant. )

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## BACKGROUND

The following facts, taken from plaintiffs' amended complaint, are accepted as true for purposes of this motion. Plaintiffs Robert J. Schaffner and Nancy A. Schaffner own the corporate co-plaintiff Imaginative Graphics, Inc. ("Imaginative"). Plaintiffs obtained a business loan from Amalgamated Bank of Chicago ("Amalgamated Bank"), which is not a party to this action. In the summer of 2001, plaintiffs applied for additional financing from Amalgamated Bank. The financing was delayed and ultimately denied, in part because of adverse credit information reported by defendant

U.S. Bank N.A. ("U.S. Bank") to one or more of the major credit bureaus. Attached to the amended complaint as Exhibit A is a document titled "Underwriting Findings," which lists the adverse information as one of the reasons for the denial of additional financing.

The adverse credit information related to a residential mortgage loan that the Schaffners had obtained from U.S. Bank's predecessor. Payments were made on time, and the loan was paid in full on April 16, 1999. U.S. Bank, however, reported that the Schaffners had made late payments and that the loan had been placed in collection or foreclosure. U.S. Bank sent this misinformation to the major credit bureaus electronically; the bureaus then sent the misinformation to Amalgamated Bank.

On September 9, 2002, shortly after the Underwriting Findings were issued, U.S. Bank acknowledged its error and sent the credit bureaus a "Universal Data Form" requesting that the bureaus "[r]emove all late payments and the 'collection' remarks" and indicating that the residential mortgage loan had been paid in full in April 1999. (Amended Complaint, Ex. B, Universal Data Form.)

As a result of the denial of their application for additional business financing, plaintiffs were unable to pay Imaginative's bills during its slow season. In addition, the Schaffners suffered distress and were unable to pay their own salaries.

In November 2002, plaintiffs filed the instant action against U.S. Bank. The complaint later was amended to cure a defect in its jurisdictional allegations. Count I of the amended complaint alleges that U.S. Bank's publication of false credit information defamed the Schaffners. Count II, which is asserted by all plaintiffs, is a tortious interference with economic advantage claim.

Defendant now moves to dismiss the complaint.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### A. Count I - Defamation

One of U.S. Bank's arguments is that plaintiffs' defamation claim is preempted by § 1681h(e) of the Fair Credit Reporting Act ("FCRA"), which provides in relevant part:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a

> consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

Plaintiffs contend that § 1681h(e)'s exception for claims involving "false information furnished with malice or willful intent to injure [the] consumer" applies here. According to plaintiffs, they have adequately alleged malice in the following paragraphs of the amended complaint:

> 13. U.S. Bank sent the major credit bureaus a Universal Data Form requesting that the credit bureaus "remove all late payments and the collection remarks." A copy is attached as <u>Exhibit B</u>. The report resulted from error by U.S. Bank's predecessor. <u>Exhibit C</u>.
>
> 14. U.S. Bank therefore knew that the statements [regarding late payments and collection or foreclosure] were false.

(Amended Complaint, ¶¶ 13-14.)

The problem with these paragraphs is that they merely allege that U.S. Bank knew that the information was false at some point in time after the information was provided. The amended complaint wholly fails to allege that defendant knew that the information was false <u>at the time it was furnished</u> and thus furnished the information with malice. We acknowledge that on a motion to dismiss, plaintiffs receive the benefit of imagination, so long as the hypotheses are consistent with the complaint. See <u>Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.</u>, 40 F.3d 247, 251 (7th

Cir. 1994). Nonetheless, we do not believe that hypothesizing that U.S. Bank knew the information was false at the time it furnished the information would be consistent with the complaint; this is precisely because of the artful way in which plaintiffs have attempted to avoid the requirement of pleading malice.[1]

Count I will be dismissed because it fails to allege that the credit information was furnished with malice and accordingly is preempted by the FCRA.

### B. Count II - Tortious Interference With Prospective Economic Advantage

To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege "1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference." Grund v. Donegan, 700 N.E.2d 157, 160 (Ill. App. Ct. 1998).

U.S. Bank argues that plaintiffs have failed to allege the first, second, and third elements of this tort. We agree. The amended complaint does not expressly allege that plaintiffs had a

---

[1] Plaintiff's overly general allegation that "U.S. Bank's actions were intentional or reckless, warranting substantial punitive damages" (Complaint, ¶ 17) is insufficient for the same reason.

reasonable expectancy of receiving the additional financing, nor does it allege facts indicating that this was the case. The allegation that plaintiffs <u>applied</u> for financing is not sufficient to allege that they reasonably expected to receive the financing. Cf. Anderson v. Vanden Dorpel, 667 N.E.2d 1296, 1299-1300 (Ill. 1996) (the hope of receiving a job offer is not a sufficient expectancy); Buchanan v. Serbin Fashions, Inc., 698 F. Supp. 731, 734 (N.D. Ill. 1988) (same). Moreover, plaintiffs do not allege that U.S. Bank knew of the Schaffners' application for additional financing or that U.S. Bank purposefully interfered with the financing.[2] Because Count II fails to allege three of the four elements of a tortious interference with prospective economic advantage claim, it will be dismissed.

We need not reach U.S. Bank's alternative arguments for dismissal.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the amended complaint is granted.

---

[2] Plaintiffs' only argument as to the second element, knowledge, is that Exhibit A to the amended complaint, the Underwriting Findings, "shows that the investors to whom the credit application was submitted included U.S. Bank" and therefore U.S. Bank had specific knowledge that plaintiffs were applying for additional financing. (Plaintiffs' Response to Motion to Dismiss at 10.) We are not persuaded. Although the Underwriting Findings document lists U.S. Bank as an "investor," it is not clear from Exhibit A that the application was in fact submitted to U.S. Bank. The allegations of the amended complaint fail to allege knowledge as well.

DATE:  January 14, 2004

ENTER:  _____
John F. Grady, United States District Judge